UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM BARRY MILLIKEN JR.,

Plaintiff,

v.                                          CASE NO. 8:04-CV-583-T-27MAP

TAMPA BAY SHIPBUILDING &
REPAIR COMPANY,

Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff, acting *pro se*, sued his employer for sexual harassment and retaliation under Title

VII, 42 U.S.C. § 2000(e) *et seq.*, and the Florida Civil Rights Act (FCRA).  After the district judge

granted summary judgment for the employer on all claims, the employer moved for $65,493.50

in attorney's fees against the Plaintiff and his purported counsel, Robert G. Walker (doc. 61; *see*

Plaintiff's responses at docs. 67 and 68).  After consideration, I find Plaintiff's lawsuit was

frivolous; accordingly, I recommend that Defendant's motion for attorney's fees be granted to the

extent that Plaintiff is to pay Defendant $22,450.[1]

*A. Background*

The Plaintiff, acting *pro se* with the aid of a lawyer named Robert G. Walker, filed a bare-

bones complaint against his former employer alleging he was the subject of unwelcome conduct

by a coworker who mistakenly believed he was a homosexual.  The Plaintiff also claimed his

---

[1] The district judge referred this matter to me for a report and recommendation pursuant to
28 U.S.C. § 636(b) and Local Rule 6.01.

employer retaliated against him when he complained about that co-worker's conduct.[2]  After filing his complaint, however, the Plaintiff did little to advance his cause, aside from giving a rambling and at times nonsensical and bizarre account at a deposition.  Indeed, if the case had proceeded to trial he planned to be his only witness and did not intend to offer any exhibits.

Against these allegations, the Defendant moved for summary judgment arguing that sexual orientation was not a protected class, Plaintiff untimely filed his charge of discrimination, and it appropriately responded to Plaintiff's vague internal complaints about the coworker's conduct.  The district judge, agreeing Plaintiff had failed to meet the administrative prerequisites for timely filing a charge of discrimination, granted summary judgment.  And it added Plaintiff could not have established a prima facie case of hostile work environment and sexual harassment in any event (doc. 46).

*B. Discussion*

*1. Christiansburg standards*

District courts are afforded discretion in awarding reasonable attorneys' fees to the prevailing party in actions brought under Title VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e-5(k).  Although policy concerns militate against awarding attorneys' fees to defendants in civil rights cases

---

[2]  The complaint alleges: "This pleading was prepared with the assistance of counsel, Robert G. Walker..., who is not counsel of record, but who consulted and counseled Plaintiff on the necessary content of a sexual harassment claim.  Said attorney has no knowledge of the actual operative facts and has assisted Plaintiff in drafting this document to preserve his rights under the narrow filing window that is permitted by Title VII, the 90th day drawing too close to properly evaluate the EEOC investigation or the relevant facts." *See* doc. 1, p.3. Walker never filed a notice of appearance and had no further contact with the Plaintiff after Plaintiff filed the complaint.

because it can discourage plaintiffs from bringing civil rights lawsuits, the Supreme Court has, nonetheless, approved an award of attorneys' fees to a prevailing defendant "upon a [district court's] finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S.412, 421 (1978); *see also Sayers v. Stewart Sleep Center, Inc.,* 140 F.3d 1351, 1353 (11th Cir. 1998). This standard is a "stringent" one. *Hughes v. Rowe,* 449 U.S. 5, 14 (1980); *Walker v. Nationsbank of Florida N.A.,* 53 F.3d 1548, 1558 (11th Cir. 1995). Moreover, district courts must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg,* 433 U.S. at 421-22.

The Eleventh Circuit, guided by *Christiansburg's* test, identifies three criteria district courts should consider when ruling on a prevailing defendant's motion for attorneys' fees: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the action was decided on dispositive motions rather than at trial on the merits. *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985). *Sullivan's* factors are not hard and fast rules but general guidelines. *Quintana v. Jenne,* 414 F.3d 1306, 1309 (11th Cir. 2005). Determining frivolity is fact-specific and is to be made on a case-by-case basis. *Sullivan,* 773 F.2d at 1190.

Added to this mix is the Plaintiff's status as a *pro se* litigant. *Christiansburg's* limitations "apply with special force in actions initiated by uncounseled" litigants. *Hughes v. Rowe,* 449 U.S. at 15-16. "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. *Id.* "Faithful adherence" to these principles "dictates that

3

attorney's fees should rarely be awarded against such plaintiffs." *Id.*

Despite *Hughes'* admonitions when dealing with *pro se* litigants this is one of those rare cases. All *Sullivan's* factors weigh in the Defendant's favor thereby justifying an award of attorney's fees against the Plaintiff. Importantly, the Plaintiff conceded the Defendant fired him after he threatened to kill the harassing coworker and had failed a drug test. Based on these undisputed facts and the Plaintiff's testimony, the district judge correctly concluded the Plaintiff could not make a prima facie case of discrimination. And although the Court did not specifically remark on Plaintiff's ability to make a prima facie case on his retaliation claim, that claim is likewise deficient. As the Defendant argues, the Plaintiff vaguely complained that a coworker was "[expletive] with [him] every day all day long, and [he] wanted it to stop." *See* doc. 61 at p. 3. That complaint was not sufficiently explicit to put the Defendant on notice that a coworker had illegally discriminated against the Plaintiff because of any purported sexual orientation. *See Coates v. Sundor Brands, Inc.,* 164 F.3d 1361, 1365 (11th Cir. 1999) (vague complaint to supervisor not enough to put defendant on notice of illegal conduct). Besides, when the Plaintiff complained to an appropriate supervisor that supervisor took action. Thereafter, the situation improved. In short, Plaintiff failed to offer any proof that the Defendant fired him for complaining or that a causal connection existed between his internal complaint and his termination. *Gupta v. Florida Bd. of Regents,* 212 F.3d 571, 587 (11th Cir. 2000). Given this record, and particularly in light of the Plaintiff's deposition, the Defendant did not offer to settle and successfully moved for summary judgment.[3]

---

[3] Plaintiff worked for Defendant two separate times. As the Defendant noted in its summary judgment papers, the Plaintiff's main complaints about harassment occurred during Plaintiff's first stint. Yet, he returned to work for Defendant despite his allegations of a

Aside from demanding that Plaintiff pay attorney's fees for filing a frivolous suit, Defendant also seeks compensation from Walker pursuant to 28 U.S.C. § 1927 (addressing counsel's liability excessive costs). In short, Defendant asserts Walker abandoned the case and "unreasonably and vexatiously multiplied these proceedings." *See* doc. 61. Walker, however, never entered an appearance in this matter nor received pleadings from the Court or opposing counsel. At all times, the Plaintiff acted as his own counsel. The Defendant cites no authority for the proposition it advances: that an attorney who never acted as counsel of record for the Plaintiff and took no part in the case's prosecution should be held responsible for the prevailing side's fees pursuant to 28 U.S.C. § 1927 or the court's inherent power.

### 2.  fee petition rules

The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). The party who applies for attorneys' fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable.[4]

---

hostile work environment. This dispels the notion that the workplace "permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive [so as to have altered] the conditions of the [Plaintiff's] employment." *Rojas v. State of Florida,* 285 F.3d 1339, 1344 (11th Cir. 2002) (setting out actionable standard for a hostile work environment).

[4] Usually, the fee petitioner presents an affidavit by a local attorney not associated with the case who is familiar with the prevailing market rates in the area. Instead, Defendant's lead counsel offered his own affidavit for the prevailing market rates. The Eleventh Circuit requires more than this. *Norman,* 836 F.2d at 1299 (satisfactory evidence of prevailing hourly rates at a minimum is more that the affidavit of the attorney performing the work).

*Duckworth*, 97 F.3d at 1396; *Norman*, 836 F.2d at 1303. Failure to adequately document hours may result in a reduction as will a claim for hours the court finds excessive or unnecessary.[5]

Despite the requirement that those opposing the fee petition should be reasonably precise in their objections, *Norman* at 836 F.2d 1301, the Plaintiff failed to meaningfully reply to the Defendant's motion. Nonetheless, this Court has abided by the Eleventh Circuit's reminder that district courts "are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *American Civil Liberties Union of Georgia v. Barnes,* 168 F.2d 423, 428 (11th Cir. 1999).

With these rules in mind, the Defendant's demand for $65,493.50 in fees is unreasonable and excessive. Fee applicants are required to use "billing judgment." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). In other words, they should not charge excessive, redundant, or otherwise unnecessary hours. *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Nevertheless, the Defendant makes their demand despite the Plaintiffs' limited prosecution of the case, the limited motion work by both sides, taking just the Plaintiff's deposition, and uncovering at that deposition

---

Nonetheless, because the Defendant included in its fee petition a recent Middle District ruling affirming similar rates in an employment discrimination case involving their firm, this Court will apply those rates. *Serrano v. McDonald's Corp.*, 8:03-cv-1432-T-24MAP (M.D. Fla. February 25, 2005). I also note the Plaintiff did not dispute the hourly fee rates.

[5] The Eleventh Circuit promotes a simple method for the drafting fee petitions. The applicant should support the request with appropriate documentation and should summarize the total hours each attorney or paralegal billed by task, namely: responding to the complaint, pretrial discovery, depositions, preparing and attending conferences, motions, etc. *See American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999); *Norman,* 836 F.2d at 1303. Unfortunately, the Defendant did not do this; consequently, the Court has expended more time than necessary in reviewing the petition.

that Plaintiff's claims lacked merit and were time-barred.  In fact, after examining the administrative charging document, defense counsel had to know the case likely had little merit.  There the Plaintiff admitted he had been fired for failing a drug test and for threatening to kill someone; certainly, these were the first clues suggesting legitimate circumstances warranted the Plaintiff's termination.  Plaintiff's concessions during his deposition should have reaffirmed defense counsel's initial suppositions about the merits of the case.  Yet, five lawyers, two summer law clerks, and three paralegals billed the Defendant for 313 hours.  Their hourly fees ranged from $340 to $140 for attorneys, $115 for the law clerks, and $95 to $50 for the paralegals.

Against this record, the fee petition fails to justify the hours spent and the number of personnel involved in defending the lawsuit.  Where the time or fees claimed seemed expanded or there is a lack of documentation or testimonial support, the Eleventh Circuit permits a court to make the award on its own experience.  *Norman,* 836 F.2d at 1303.  The Defendant's fee petition fits this mold.  After considering the fee petition and the supporting documentation, I find an award of $22,450 is reasonable.[6]

*C. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1. Defendant's motion for attorney's fees (doc. 61) be GRANTED to the extent that Plaintiff

---

[6]  I reached this amount by concluding 100 hours at $215 per hour as reasonable time and hourly rate for lead counsel efforts (total – $21,500).  I then allowed 10 hours of paralegal work at $95 an hour.

is directed to pay Defendant $22,450.  In all other respects, the motion is DENIED.[7]

IT IS SO REPORTED at Tampa, Florida on September 21, 2005.


_Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d. 404 (5th Cir. 1982) (*en banc*).


cc:    Hon. James D. Whittemore
       Counsel of Record
       *pro se* Plaintiff

---

[7] The Defendant filed a bill of costs pursuant to Fed. R. Civ. P 54(d)(1) and 28 U.S.C. § 1920, and the Clerk accordingly taxed costs (docs. 62 and 63).  In the current motion, the Defendant also moved for costs in its motion and attached the same bill of costs that the Clerk later taxed.  Moving again for costs was unnecessary.  Rule 54(d)(1) plainly provides it is the clerk who taxes costs.  The court's function is merely to review the clerk's determination if the opposing side files an objection.  10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2679 (3d ed. 1998); *accord Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997) ("The clerk taxes the costs.").  Because the Plaintiff did not object, there is nothing to review.